IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-326-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CARLOS FERNANDO BARNES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions to appoint counsel for seeking relief due to COVID-19 risks (DE 69) and to reduce sentence (DE 71). The government did not respond to the motions and in this posture the issues raised are ripe for ruling. For the reasons stated below, the court denies the motions.

## BACKGROUND

On April 12, 2019, defendant pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a) (count two), and possession of a firearm in furtherance of a drug trafficking crime, in violation 18 U.S.C. § 924(c). On August 7, 2019, the court sentenced defendant to 30 months' imprisonment on count two, and a consecutive term of 60 months' imprisonment on count three, producing an aggregate custodial sentence of 90 months' imprisonment. Defendant also was sentenced to five years' supervised release. Accounting for good conduct time credits, defendant's projected release date is March 15, 2024.

On May 22, 2020, defendant filed the instant motion to appoint counsel for seeking relief due to COVID-19. On June 30, 2020, defendant filed the instant motion to reduce sentence, raising concerns about his risk of contracting COVID-19.

**COURT'S DISCUSSION**

A.    Motion Appoint Counsel

Defendant moves for appointment of counsel to assist him with seeking compassionate release or similar relief based upon his risk of contracting COVID-19.   There is no general constitutional right to appointed counsel in post-conviction proceedings.   See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require.   See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); see also United States v. Reed, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant has not established that the interests of justice require appointment of counsel in this instance.   Defendant has established through his filings that he is capable of requesting compassionate release without the assistance of counsel.   And as set forth below, defendant's current circumstances do not justify compassionate release.   Accordingly, the court denies the defendant's motion to appoint counsel.

B.    Compassionate Release

The court construes defendant's motion for reduction of sentence as seeking compassionate release.   With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c).   One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances.   As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to

2

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

Defendant has not demonstrated that he exhausted administrative remedies prior to filing the instant motion. Indeed, the motion fails to even mention the administrative exhaustion requirement. Nevertheless, where the government has not responded to the motion and therefore has not raised defendant's failure to exhaust administrative remedies as a defense to motion, the court will proceed to address the merits. See United States v. Alam, 960 F.3d 831, 833-34 (6th Cir. 2020) (holding § 3582(c)(1)(A)'s administrative exhaustion requirement is not jurisdictional, and thus must be "properly invoked" by the government to be enforced).[1]

The court may reduce defendant's term of imprisonment if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[2] The Sentencing Commission promulgated U.S.S.G. § 1B1.13 as the policy statement applicable to compassionate release motions filed by the Federal Bureau of Prisons ("FBOP"). Section 1B1.13 is substantially similar to § 3582(c)(1)(A), but adds that before granting compassionate release the court must determine "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See U.S.S.G. § 1B1.13(1)(B)(2).

---

[1]     The United States Court of Appeals for the Fourth Circuit has not addressed in a published opinion whether § 3582(c)(1)(A)'s administrative exhaustion requirement is jurisdictional, or the substantive standard for evaluating compassionate release motions.

[2]     The statute also permits compassionate release for certain elderly offenders who are no longer a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

3

Application note one to U.S.S.G. § 1B1.13 provides the Sentencing Commission's views on when extraordinary and compelling reasons justify compassionate release:

(A)     Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)     Age of the Defendant.  The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)     Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)     Other Reasons.  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, app. n.1.

4

Because the current version of U.S.S.G. § 1B1.13 applies to motions filed by the FBOP and has not been updated since the First Step Act's amendments to § 3582(c)(1)(A), some district courts have determined that the foregoing policy statement is not a binding "applicable policy statement" when the defendant moves for compassionate release. See, e.g., United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). Assuming without deciding that the current policy statement is non-binding, the provision provides important guidance to district courts when evaluating compassionate release motions, particularly where the majority of the application note's definition of extraordinary and compelling reasons applies regardless of whether the FBOP or defendant files the motion. See id. The court, however, arguably has authority to grant compassionate release if it finds extraordinary and compelling circumstances justify reducing defendant's sentence even if such circumstances are not specifically delineated in U.S.S.G. § 1B1.13. See id.

Defendant's instant motion does not establish grounds for compassionate release under U.S.S.G. § 1B1.13, or otherwise demonstrate that extraordinary and compelling reasons justify release. The presence of COVID-19 in the federal prison system does not standing alone justify compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And defendant presents no evidence that his current health conditions place him at increased risk for developing severe complications if he contracts COVID-19. Indeed, defendant suggests that he has already contracted the disease and fully recovered.

The court also finds that defendant's early release is not supported by the factors under 18 U.S.C. § 3553(a). Defendant has a lengthy history of distributing cocaine in this district (spanning over 20 years) and he possessed a firearm during drug trafficking activities. While the court

5

recognizes and commends defendant for his record of achievement in custody, his rehabilitation does not overcome the factors set forth above.

## CONCLUSION

Based on the foregoing, defendant's motions to reduce sentence (DE 71) and appoint counsel (DE 69) are DENIED.

SO ORDERED, this the 7th day of August, 2020.

LOUISE W. FLANAGAN
United States District Judge